## No. 4.

**THOMPSON** *agaiast* **BABCOCK.** *Windsor,* 1817.

IN this case, the plaintiff had mortgaged a lot of land to de-

fendant, and also to one Burbank by a subsequent deed of mortgage; afterwards the plaintiff executed a deed absolute to Burbank and delivered the same to Babcock to enable him to pass the title to Burbank, on such terms as should be agreed upon between the defendant and Burbank: It was in proof that the plaintiff acknowledged he took a bond from Babcock on delivering him the deed conditioned for the re-delivery of the deed in case the contract was not closed with Burbank, and that the bond was given up to said Babcock on a settlement, so far as it related to said bond; Babcock received of Burbank, on delivering him the deed, notes of hand against a third person, and a quantity of paper, amounting in the whole at its nominal value to $ 161,88, more than was due to Babcock from Thompson, secured by the mortgage aforesaid. Three questions were reserved.

1. Did the evidence support the action for money had and received ?

2. Did not the execution of the bond preclude the plaintiff from maintaining any action except upon the bond ?

3. Ought not the action to have been account ?

The Court considered, that the defendant was not authorised by any usage or custom to sell for any thing but money, and if he did he was liable as for money had and received.

From the fact of the bond having been given up to the defendant, plaintiff need not produce it, and the consideration of the bond was distinct from that for which the action was brought.

That even if the action of account would lie it did not preclude the present action.